# EXHIBIT A

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3 | § § § § § § | |
| Plaintiff, | § § | Civil Action No. 5:24-cv-1132 |
| v. | § § | |
| MARIAN FUENTES, | § § § | |
| Defendant. | § § § | |

## DECLARATION OF  Claribel Lopez

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following statements are true and correct:

1.      My name is ___**Claribel Lopez**___. I am over the age of 18 years, have never been convicted of a crime, and am fully competent to make this declaration. I have personal knowledge of all the facts stated herein, and all statements of fact contained herein are true and correct.

2.      I hold a position as a Contract Management Coordinator at PHH Mortgage Corporation ("PHH"). PHH services the subject mortgage loan for Wells Fargo Bank, National Association as trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3. In the regular performance of my job functions at PHH, I am familiar with the business records maintained by PHH for the purpose of servicing mortgage loans, collecting payments and pursuing any delinquencies (the "Servicing Records"). The Servicing Records typically include electronic data compilations and imaged documents pertaining to the loans it services. Based on my training and

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
MWZM: 18-001094-670                                                                                          Page 1

general knowledge of the processes by which they are created and maintained, the Servicing Records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records and are kept in the ordinary course of the business activity regularly conducted by PHH. It is the regular practice of PHH to make and update its Servicing Records.

3.      I am familiar with the attached records and am authorized to make this declaration. The facts stated within this declaration are based on personal knowledge obtained from my review of the records and documents of PHH pertaining to the loan of Andrew Fuentes and Marian Fuentes ("Borrowers") including the records attached as exhibits to this Declaration.

4.      On or about January 19, 2007, for value received, Borrowers executed that certain *Home Equity Adjustable Rate Note* ("Note") in the original principal amount of $121,600.00 bearing interest at the initial rate of 10.550% per annum, originally payable to H&R Block Mortgage Corporation as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A-1**.

5.      Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan" or "Loan Agreement"), granting H&R Block Mortgage Corporation, its successors and assigns, a security interest in the real property commonly known as 909 W. Elsmere Place, San Antonio, Texas 78201 (the "Property") and more particularly described as follows:

> LOTS 4, 5 AND 6, BLOCK 1, NEW CITY BLOCK 3102, FOX`S BEACON HILL ADDITION, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 105, PAGE(S) 120-121, DEED AND PLAT RECORDS OF BEXAR COUNTY TEXAS. A.P.N. 03102-001-0040.

The Security Instrument was recorded in the Official Public Records of Bexar County, Texas, as Document No. 20070021297 on January 29, 2007.   A true and correct copy of the Security Instrument is attached hereto as **Exhibit A-2**.

6.     The Loan Agreement was subsequently granted, sold, assigned, transferred, and conveyed by H&R Block Mortgage Corporation to Option One Mortgage Corporation. This transfer is evidenced by a *Transfer of Lien* recorded in the Official Public Records of Bexar County, Texas as Document No. 20070282495 on December 6, 2007. A true and correct copy of the *Corporate Assignment of Deed of Trust* is attached hereto as **Exhibit A-3**.

7.     The Loan Agreement was then granted, sold, assigned, transferred, and conveyed by Sand Canyon Corporation f/k/a Option One Mortgage Corporation to Plaintiff. This assignment is reflected in that certain *Corporate Assignment of Deed of Trust* recorded in the Official Public Records of Bexar County, Texas as Document No. 20110170110 on September 23, 2011. A true and correct copy of the *Assignment of Deed of Trust* is attached hereto as **Exhibit A-4**.

8.     Subsequently, a *Corrective Assignment of Note and Deed of Trust* ("Corrective Assignment") was recorded in the Real Property Records of Bexar County, Texas as Document No. 20190249983 on December 10, 2019, for the purpose of clarifying the verbiage in the previous assignment to Plaintiff. A true and correct copy of the Corrective Assignment is attached hereto as **Exhibit A-5**.

9.     Plaintiff is the current legal owner and holder of the Note, beneficiary of the Security Instrument and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

10.     On or about August 12, 2021, Andrew Fuentes passed away. Upon information and belief, no probate was opened for him. In accordance with Texas Estates Code §§ 101.001,

202.051, and 202.001, Marian Fuentes acquired all his interest in the Property immediately upon death—subject to the Loan Agreement debt owed to Plaintiff.

11.    The Loan Agreement provides that should Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

12.    Borrower has failed to make the monthly payments under the terms of the Loan Agreement. The Loan Agreement is currently due for December 1, 2022, and all subsequent monthly payments.

13.    Plaintiff invoked its authority to foreclose under the Note and Security Instrument. Specifically, on or about January 18, 2023, Plaintiff mailed *Notice of Default* to Borrowers via certified mail to the Property address. A true and correct copy of the Notice of Default is attached hereto as **Exhibit A-6**.

14.    The default was not cured. On April 17, 2024, Plaintiff, through its counsel Mackie Wolf Zientz & Mann, P.C., sent a *Notice of Acceleration of Loan Maturity* via certified mail to Borrowers at the Property address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit A-7**.

15.    No payments have been made on the Loan following the issuance of the Notice of Acceleration. The full amount of the Loan balance is currently due.

16.    As of May 30, 2025, there is an outstanding balance under the Loan Agreement of $115,959.71. Interest and charges continue to accrue. A true and correct Payoff Quote is attached hereto as **Exhibit A-8**.

17.     The records attached hereto are the original or exact duplicates of the original. These records are also identified as exhibits to this declaration and are indicated below:

Exhibit A-1     Home Equity Adjustable Rate Note, dated January 19, 2007;

Exhibit A-2     Deed of Trust, dated January 19, 2007;

Exhibit A-3     Transfer of Lien, dated November 9, 2007;

Exhibit A-4     Corporate Assignment of Deed of Trust, dated September 22, 2011;

Exhibit A-5     Corrective Assignment of Deed of Trust, dated November 13, 2019;

Exhibit A-6     Notice of Default, dated January 18, 2023;

Exhibit A-7     Notice of Acceleration of Loan Maturity, dated April 17, 2024; *and*

Exhibit A-8.    Payoff Quote, valid through May 30, 2025;

Signed this _27_ day of ___May___, 2025.

Printed Name: _____**Claribel Lopez**_____

Title: ___**Contract Management Coordinator**___

PHH Mortgage Corporation as servicer for Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3

---

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
MWZM: 18-001094-670                                                    Page 5

# EXHIBIT A-1

Loan Number: ███████ ● Servicing Number ███████ ● Date: 01/19/07

 

███████

NOTE / NOTE

**THIS IS AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI, OF THE TEXAS CONSTITUTION**

# HOME EQUITY ADJUSTABLE RATE NOTE
## (Non-Recourse)
### (LIBOR Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

I Hereby Certify This Instrument Is A True And Correct Copy Of The Original.
First American Title Insurance Co.

January 19, 2007                     Irvine
[Date]                                 [City]

909 W ELSEMERE PL,    SAN ANTONIO, TX 78201-5205
[Property Address]

1.  **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $121,600.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is H&R Block Mortgage Corporation, a Massachusetts Corporation. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2.  **INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of 10.550%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3.  **PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on March 01, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on, February 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at Option One Mortgage Corporation
P.O. BOX 92103 LOS ANGELES, CA 90009-2103
or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $1,116.87. This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

(D) Application of Payments

Payments received by the Note Holder will be applied in the following order: (i) amounts payable under paragraph 2 of the Security Instrument (defined below); (ii) interest due under this Note; (iii) principal due under this Note; and (iv) late charges due under this Note.

4.  **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of February, 2009, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new Index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 20/100 percentage point(s) ( 6.200% ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

TEXAS EQUITY ADJUSTABLE RATE NOTE LIBOR INDEX - Single Family

TXEQNT2A.wp (06-25-04)

Page 1 of 3

Loan Number: ██████ ●    Servicing Number: ██████ ●    Date: 01/19/07

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    13.550%    or less than 5.200%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than    16.550%    or less than    6.200%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment. My acceptance of any such refund will constitute a waiver of any right of action I might have arising out of such overcharge.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000%    of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may, except as otherwise required by applicable law, require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

**(C) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed. Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

Subject to Paragraph 12 herein, if more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together.

**10.    WAIVERS**

I and any other person who has obligations under this Note, except as otherwise required by applicable law, waive notice of intention to accelerate and the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid. Nothing in this paragraph 10 shall be construed as a waiver of any right I may have relating to service and legal process, nor shall anything within this paragraph 10 be construed as an admission of liability, confession of judgment on other similar act on my part.

Page 2 of 3

TX6QNT22.wp (06-25-04)

Loan Number: ███████ ●    Servicing Number: ███████ ●    Date: 01/19/2007

**11.    SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument subject to paragraph 12 herein. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12.    NON-RECOURSE PROVISION**

Notwithstanding anything to the contrary contained herein or in the Security Instrument securing this Note, there shall be no personal liability on the maker on this Note, or for the observance or performance of any covenants, conditions or agreements contained in the Security Instrument securing this Note, and the payee herein and each subsequent holder of this Note will look solely to the property covered by the Security Instrument and will not seek any money judgment, deficiency or otherwise against the maker hereof in the event of default in the payment of this Note or in the event of default under the terms of the Security Instrument provided, however, that this paragraph 12 shall have no force and effect if it is determined by a court of competent jurisdiction that Borrowers, jointly or severally, obtained this credit through actual fraud.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _____ (Seal)
ANDREW  FUENTES                   -Borrower                                    -Borrower

_____ (Seal)     _____ (Seal)
MARIAN  FUENTES                   -Borrower                                    -Borrower

_____ (Seal)     _____ (Seal)
                                  -Borrower                                    -Borrower

[Sign Original Only]

TXFQNT23.wp (06-25-04)

Loan Number:    Servicing Number:     Date: 01/19/07

# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers: ANDREW  FUENTES and MARIAN  FUENTES
Loan #: ███████████
Property Address:  909 W ELSEMERE PL,  SAN ANTONIO, TX 78201-5205
Loan Amount: $121,600.00

Note Date:  01/19/07

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:                              Without Recourse

Option One Mortgage Corporation
A California Corporation

By: _____
       Jerry Maldonado

     Assistant Secretary

USD3050.wp (03-14-03)

Page 1 of 1

Loan Number: ███████   Servicing Number: ███████  ●  Date: 01/19/07

# ALLONGE TO NOTE
## (HRBMC)

This allonge makes reference to the following Note:

Borrowers: ANDREW  FUENTES and MARIAN  FUENTES
Loan #: ███████
Property Address: 909 W ELSEMERE PL,  SAN ANTONIO, TX 78201-5205
Loan Amount: $121,600.00

Note Date: 01/19/07

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:    OPTION ONE MORTGAGE CORPORATION,  A CALIFORNIA CORPORATION
                                                    Without Recourse

By: H&R Block Mortgage Corporation, a Massachusetts Corporation

Jerry Maldonado
Assistant Secretary

USH3151.wp (09-02-04)

Page 1 of 1

# EXHIBIT A-2

AFTER RECORDING RETURN TO:

First American Title
10960 Wilshire Wail Dr. #800
Austin, TX 78717
GF# (9) 943507-MHr/LL
03102-001-0040

**WHEN RECORDED MAIL TO:**
OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096

ATTN:  RECORDS MANAGEMENT

LT1-77-20070021297-1

Loan Number: ███████████
Servicing Number: ███████████

[Space Above This Line For Recording Data]

# DEED OF TRUST

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

THE EXTENSION OF CREDIT SECURED BY THE LIEN GRANTED HEREIN IS THE TYPE OF CREDIT DEFINED BY SECTION 50(a)(6), ARTICLE XVI, OF THE TEXAS CONSTITUTION

THIS DEED OF TRUST ("Security Instrument") is made on  January 19, 2007
The grantor is
ANDREW FUENTES  AND MARIAN FUENTES,  HUSBAND AND WIFE

("Borrower"). The trustee is Thomas F. Vetters                                      , whose address is
10333 Richmond Ave., Ste. 550, Houston, Texas 77042                          ("Trustee").
The beneficiary is H&R Block Mortgage Corporation, a Massachusetts
Corporation
which is organized and existing under the laws of   MASSACHUSETTS              , and whose address is
3 Burlington Woods, 2nd Floor, Burlington, MA  01803                         ("Lender").
Lender has advanced to Borrower the principal sum of
ONE HUNDRED TWENTY ONE THOUSAND SIX HUNDRED
...AND NO/100THS       Dollars (U.S. $121,600.00       )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  February 01, 2037  .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in
Bexar                                                                          County, Texas:
03102-001-0040

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of     909 W ELSEMERE PL,   SAN ANTONIO
                                                                                    [Street, City].
Texas          78201-5205          ("Property Address");
              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

TEXAS EQUITY-Single Family
Page 1 of 8                                                                     TXEQD011.wp (07-22-05)



LT2-12660-221-12

Loan Number: ▮▮▮▮▮▮▮▮    Servicing Number: ▮▮▮▮▮▮▮▮    Date: 01/19/07

COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to amounts payable under paragraph 2; second, to interest due; third, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

Page 2 of 8    TXHQIX012 wp (07-22-05)

Loan Number: ▇▇▇▇▇▇▇▇     Servicing Number: ▇▇▇▇▇▇▇     Date: 01/19/07

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

6. Occupancy, Preservation, Maintenance and Protection of the Property: Borrower's Loan Application; Leaseholds. Borrower warrants and represents that he/she shall either (1) occupy and establish and use the property as the Borrower's principal residence or (2) shall be the only occupant of the property. In the event the Borrower ceases to either maintain the property as the primary residence or the Borrower ceases to occupy the residence (irrespective of whether the property is maintained as the primary residence) Borrower shall be subject to all of the remedies set forth in the Occupancy Rider attached hereto     The remedies for the Occupancy Rider shall be in addition to the remedies set forth herein.

Borrower shall not destroy, damage or impair the Property, allow the property to deteriorate, or commit waste on the property    Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender or Trustee with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect    Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request

7. Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and

Loan Number: ▮▮▮▮▮▮        Servicing Number: ▮▮▮▮▮▮        Date· 01/19/07

agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. **Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor, in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest to the extent Borrower may be bound under the terms and conditions of the Note. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument· and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall

Page 4 of 8                                                              TXRQD014.wp (07-22-05)

Loan Number: [REDACTED]    Servicing Number: [REDACTED]    Date: 01/19/07

be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument other than service of process as may be required by paragraph 21 herein shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given and acknowledges receiving one conformed copy of the Note, this Security Instrument and all other Instruments signed by Borrower.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument subject to the terms and conditions of the Note. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its

TXEQD015.wp (07-22-05)

Loan Number: ████████          Servicing Number: ████████          Date: 01/19/07

directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances:    gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

21. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

The lien evidenced by this Security Instrument may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), and amended from time to time, which are hereby incorporated by reference. The power of sale granted herein shall be exercised pursuant to such Rules, and Borrower understands that such power of sale is not a confession of judgment or a power of attorney to confess judgment or to appear for Borrower in a judicial proceeding.

22. **Power of sale.** It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by law. Accordingly, Lender and Trustee shall have all the powers provided herein except insofar as may be limited by the Texas Supreme Court. To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions of this Section 22 shall apply, if Lender invokes the power of sale. Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public vendue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale. In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provision shall automatically be reformed to the extent necessary to comply.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty form Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Page 6 of 8                                                        TXBQD016.wp (07-22-05)

Loan Number: 4▮▮▮▮▮▮▮▮         Servicing Number: ▮▮▮▮▮▮▮▮         Date:01/19/07

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF THE LENDER'S OBLIGATIONS UNDER SECTION 50, ARTICLE XVI OF THE TEXAS CONSTITUTION.**

**24. Substitute Trustee.** Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law. Nothing within this Security Instrument shall be deemed to authorize the Trustee or substitute trustee herein to act on behalf of the Borrower in any judicial proceeding, or to confess judgement on behalf of Borrower, the trustee's duties, obligations and Rights hereunder being strictly limited to those as may be described in the Texas Civil Practices and Remedies Code, the Texas Rules of Civil Procedure and the Texas Property Code.

**25. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**26. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**27. Waiver of Notice of Intention to Accelerate.** Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

**28. Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable. Lender may then pursue the remedies available to it including those set forth in paragraph 21 herein.

**29. Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

**30. Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

**31. Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

**32. Reimbursement.** To the extent permitted by applicable law and consistent with the Note, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

**33. Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to re-execute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

**34. Lost, Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in

Page 7 of 8                                                                      TXEQD017.wp (07-22-05)

Loan Number: ███████    Servicing Number ███████    Date: 01/19/07

favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

35. **Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security instrument and Borrower has not abandoned the Property.

36. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

[X] Adjustable Rate Rider          [ ] Condominium Rider          [ ] 1-4 Family Rider
[ ] No Prepayment Penalty Option Rider   [ ] Planned Unit Development Rider   [ ] Occupancy Rider
[ ] Other(s) (specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ 1 19 07 (Seal)          _____ (Seal)
ANDREW    FUENTES              -Borrower                                          -Borrower

_____ Jn. 19 07 (Seal)         _____ (Seal)
MARIAN    FUENTES              -Borrower                                          -Borrower

_____ (Seal)                   _____ (Seal)
                              Borrower                                          -Borrower

STATE OF TEXAS,          BEXAR      County ss:

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Andrew Fuentes  Marian Fuentes , known to me to be the person(s) whose name(s) are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 19 day of January 2007

_____
Notary Public

NORA J MIRELES
My Commission Expires
June 30, 2008

TXEQD018.wp (07-22-05)

Loan Number: [REDACTED]    Servicing Number: [REDACTED]    Date: 01/19/07

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made  January 19, 2007
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
        H&R Block Mortgage Corporation, a Massachusetts Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

909 W ELSEMERE PL,   SAN ANTONIO, TX 78201-5205

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**The Note** provides for an initial interest rate of                 10.550%              . The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A) Change Dates
The interest rate I will pay may change on the first day of   February 01    2009          , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
### (B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
### (C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding

SIX AND 20/100                            percentage point(s) ( 6.200%    ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 1 of 3                                                        USRI0021 (02-23-99)

Loan Number: ▮▮▮▮▮▮    Servicing Number: ▮▮▮▮▮▮    Date:  01/19/07

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than      13.550%  or less than    6.200%                . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than       16.550%          or less than    6.200%            .

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

### TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family
Page 2 of 3                                                                USRI0022 (02-23-99)

Loan Number: ████████    Servicing Number: ██████ 5    Date: 01/19/07

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____(Seal)          _____(Seal)
ANDREW    FUENTES                         MARIAN    FUENTES

_____(Seal)          _____(Seal)

_____(Seal)          _____(Seal)

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family
Page 3 of 3                                                        USRI0023 (02-23-99)

## EXHIBIT 'A'

File No.:          ████████████(HJE)

Property:      909 W. Elsmere Place, San Antonio, TX 78201-5205

Lots 4, 5 and 6, Block 1, New City Block 3102, FOX'S BEACON HILL ADDITION, City of
San Antonio, Bexar County, Texas, according to map or plat thereof recorded in Volume
105, Page(s) 120-121, Deed and Plat Records of Bexar County, Texas.

A.P.N. 03102-001-0040

Any provision herein which restricts the sale, or use of the described real
property because of race is invalid and unenforceable under Federal law
STATE OF TEXAS, COUNTY OF BEXAR
I hereby certify that this instrument was FILED in File Number Sequence on
the date and at the time stamped hereon by me and was duly RECORDED
in the Official Public Record of Real Property of Bexar County, Texas on

JAN 2 9 2007

COUNTY CLERK BEXAR COUNTY, TEXAS

RECORDER'S MEMORANDUM
AT THE TIME OF RECORDATION, THIS
INSTRUMENT WAS FOUND TO BE INADEQUATE
FOR THE BEST PHOTOGRAPHIC REPRODUCTION
BECAUSE OF ILLEGIBILITY, CARBON OR
PHOTO COPY DISCOLORED PAPER ETC.

Doc# 20070021297 Fees: $50.00
01/29/2007   2:22PM # Pages 12
Filed & Recorded in the Official Public
Records of  BEXAR COUNTY
GERRY RICKHOFF COUNTY CLERK

9403567-AU01                                    1 of 1



AFTER RECORDING RETURN TO:
First American Title
10950 Lakeline Mall Dr. #200
Austin, TX 78717
QF# (90 943567 -MHS/LL)
03102-001-0040

WHEN RECORDED MAIL TO:
OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57076
IRVINE, CA 92619-7076

ATTN: QUALITY CONTROL

LT1-77-20070021298-1

LT2-12660-233-3

Loan Number: ▮▮▮▮▮
Servicing Number: ▮▮▮▮▮

[Space Above This Line For Recording Data]

# TEXAS EQUITY LOAN AFFIDAVIT

BORROWER(S): ANDREW  FUENTES and MARIAN  FUENTES

PROPERTY: 909 W ELSEMERE PL,  SAN ANTONIO, TX  78201-5205

Before me, the undersigned authority, appeared the Affiants (whether one or more), who being by me duly sworn, on his/her/their oaths stated the following to be true, correct and complete in connection to the Affiants' application for a Texas Equity Loan mortgage, made to H&R Block Mortgage Corporation, a Massachusetts Corporation (hereafter the "Lender") and made pursuant to §50(a)(6), Article 16, of the Texas Constitution:

1.  The Affiants own the title to the land described in Exhibit "A" attached hereto and made a part hereof (hereafter the "Land").

2.  All of the Land is the homestead of the Affiants and no part is not the homestead of the Affiants.

3.  No additional collateral has been asked for, or given, as security for the loan.

4.  The Land is not designated for the current year for agricultural, open space, or timber land use as provided by statutes governing property tax and will not be so designated during the term of the loan by the Lender.

5   All homeowner's association assessments relating to the Land, if any, have been paid through the current year.

6.  The Affiants do not have or claim any other property, other than the Land, as their homestead and do not claim a homestead tax exemption against any other property. The Affiants do not have or claim a business homestead and do not own any land that is used as the business or occupation of the Affiants.

7.  The Affiants do not have a pending Bankruptcy.

8.  The Affiants do not have any outstanding extensions of credit made pursuant to §50(a)(6), Article 16, of the Texas Constitution on any land, excepting the Land described in item 1. above if that extension of credit is to be paid in full and released by the current lienholder. The Affiants have not executed any mortgage loan documents relative to any extensions of credit made pursuant to §50(a)(6), Article 16, of the Texas Constitution on the Land, or on any other land, within the last year (365 days).

9.  The Lender has not provided any tax advice to the Affiants.

10.  The Affiants acknowledge that the Lender is relying on this written representation by the Affiants as to the Land.

11.  The HUD-1 Settlement Statement signed by the Affiants correctly reflects all fees paid by the Affiants in connection with this extension of credit made pursuant to §50(a)(6), Article 16, of the Texas Constitution

12.  The Affiants' marital status is correctly reflected by the recitals as to marital status in the Texas Equity Loan Deed of Trust executed by the Affiants.

13.  The Affiants have been provided with a copy of all documents signed by the Affiants.

Page 1 of 2                                                                 TXEQMSG1 (06/08/99)

Loan Number: ███████    Servicing Number: ███████    Date: 01/19/07

14. None of the documents signed by the Affiants contained blanks when signed.

15. The principal loan amount for this Texas Equity Loan mortgage, when added to the principal balances of all other liens against the Affiants homestead, does not exceed 80% of the fair market value on the date that this extension of credit is made. The Lender and the Affiants have signed a written acknowledgement as to the fair market value on the date that this extension of credit is made.

16. The Affiants acknowledge that this loan has closed at the offices of the Lender, or a title company, or an attorney at law.

17. There are no unpaid ad valorem taxes, standby fees, or assessments by any taxing authority for prior years relating to the Land. There are no unpaid judgement liens, or federal or state liens, or bills for labor, material or services for improvements or repairs to the land, owed by or claimed against the Affiants. The Affiants have not entered into any outstanding contracts for repairs or improvements to the land, and the Affiants have not begun any repairs or improvements to the land which are to be paid for with the proceeds of this Texas Equity Loan mortgage.

18. The Affiants acknowledge that all discussions between themselves and the Lender have primarily been in the English language.

19. The Affiants acknowledge that this extension of credit is made pursuant to §50(a)(6), Article 16, of the Texas Constitution and is not an open-end account that may be debited from time to time or under which credit may be extended from time to time. The Affiants further acknowledge that the Affiants have entered into this extension of credit voluntarily with the express written consent of each owner of the Land, and each owner's spouse.

20. The Affiants acknowledge that at least 12 days have passed since the date of the Affiants submission of a loan application to the Lender, or since the date of the Affiants receipt of the Lender's written notice titled Notice Concerning Extensions of Credit, whichever date occurred later.

The undersigned Affiants hereby swear under oath that the above statements are true and correct. We understand that this Texas Home Equity Affidavit is part of the loan documentation.

DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS AFFIDAVIT. ALL BORROWERS ON THE NOTE, ALL OWNERS OF THE PROPERTY, AND ALL SPOUSES OF THE OWNERS MUST SIGN THIS AFFIDAVIT. AFTER YOU SIGN, MAKE SURE YOU RECEIVE A COPY OF THIS AFFIDAVIT.

Borrower ANDREW FUENTES                     Borrower

Borrower MARIAN FUENTES                      Borrower

Borrower                                     Borrower

[Space Below This Line For Acknowledgment]

STATE OF _Texas_

COUNTY OF _Bexar_                     }SS

On _19 January 2004_

_____ before me, the undersigned, a Notary Public

in and for said State, personally appeared _Andrew Fuentes Marian Fuentes_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal. Signature
[Reserved for official seal]

Name (typed or printed) _Nora J Mireles_

My commission expires: _6/30/08_

NORA J MIRELES
My Commission Expires
June 30, 2008

Page 2 of 2                                              TXHQ14862 (06/08/99)

## EXHIBIT 'A'

File No.:     ████████████ (HJE)
Property:     909 W. Elsmere Place, San Antonio, TX 78201-5205

Lots 4, 5 and 6, Block 1, New City Block 3102, FOX'S BEACON HILL ADDITION, City of San Antonio, Bexar County, Texas, according to map or plat thereof recorded in Volume 105, Page(s) 120-121, Deed and Plat Records of Bexar County, Texas.

A.P.N. 03102-001-0040

**RECORDER'S MEMORANDUM**
AT THE TIME OF RECORDATION, THIS INSTRUMENT WAS FOUND TO BE INADEQUATE FOR THE BEST PHOTOGRAPHIC REPRODUCTION BECAUSE OF ILLEGIBILITY, CARBON OR PHOTO COPY DISCOLORED PAPER ETC.

Any provision herein which restricts the sale, or use of the described real property because of race is invalid and unenforceable under Federal law
STATE OF TEXAS, COUNTY OF BEXAR
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me and was duly RECORDED in the Official Public Records of Real Property of Bexar County, Texas on:

## JAN 2 9 2007

**COUNTY CLERK BEXAR COUNTY, TEXAS**

Doc# 20070021298 Fees: $24.00
01/29/2007  2:22PM # Pages 3
Filed & Recorded in the Official Public
Records of  BEXAR COUNTY
GERRY RICKHOFF COUNTY CLERK

943567-AU81                                          1 of 1

# EXHIBIT A-3



## TRANSFER OF LIEN

Loan#: [redacted]      ice#[redacted]      [redacted]

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

For good and valuable consideration, the sufficiency of which is hereby acknowledged, H&R BLOCK MORTGAGE CORP., A MASSACHUSETTS CORP., 20 BLANCHARD ROAD BURLINGTON MA 01803-0000. By these presents does convey, grant, bargain, sell, assign, transfer and set over to: OPTION ONE MORTGAGE CORPORATION, 3 ADA IRVINE CA  92618-0000. The described Deed of Trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust in the amount of $121,600.00 and recorded in the State of TEXAS, County of BEXAR Official Records, dated and recorded on JANUARY 29, 2007, as Instrument No. 20070021297, in Book No. —, at Page No. —.

Original Mortgagor: ANDREW FUENTES AND MARIAN FUENTES, HUSBAND AND WIFE. Original Mortgagee: H&R BLOCK MORTGAGE CORPORATION, A MASSACHUSETTS CORPORATION. Original Trustee: THOMAS F. VETTERS. Property Address: 909 W ELSEMERE PL, SAN ANTONIO TX 78201.

Date: NOVEMBER 09, 2007
H&R BLOCK MORTGAGE CORPORATION, A MASSACHUSETTS CORP.

By: _____
    Elizabeth Garcia, Vice President

| State of | **CALIFORNIA** | } | |
|---|---|---|---|
| County of | **ORANGE** | } ss. | L12-13251-143-1 |

On NOVEMBER 09, 2007, before me, Kelly L. Tyler, a Notary Public, personally appeared Elizabeth Garcia personally known to me (~~or proved to me on the basis of satisfactory evidence~~) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized capacity(ies) and that by ~~his/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
(Notary Name): Kelly L. Tyler

KELLY L. TYLER
Commission # 1722419
Notary Public · California
Orange County
My Comm Expires Jan 30, 2011

Recording Requested & Prepared By:
American Document Services, LLC. 250 Commerce, 2nd Floor Irvine, CA  92602
EVELIA BARA-REYES  (AM DOCS)

And When Recorded Mail To:
American Document Services, LL 250 Commerce, 2nd Floor Irvine, CA  92602

Doc# 20070282495 Fees: $16.00
12/06/2007   2:03PM # Pages 1
Filed & Recorded in the Official Public
Records of  BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Any provision herein which restricts the sale, or use of the described real property because of race is invalid and unenforceable under Federal law
STATE OF TEXAS, COUNTY OF BEXAR
I hereby certify that this instrument was FILED in File Number Sequence on this date and at the time stamped hereon by me and was duly RECORDED in the Official Public Record of Real Property of Bexar County, Texas on:

DEC 0 6 2007

COUNTY CLERK BEXAR COUNTY, TEXAS

# EXHIBIT A-4

Book 15148 Page 1231 2pgs    Doc# 20110170110

## CORPORATE ASSIGNMENT OF DEED OF TRUST

--- Contact American Home Mortgage Servicing, Inc., 1525 S. Beltline Rd., Coppell, TX 75019, telephone # (469) 645-3000, which is responsible for receiving payments.

AHMSI L#: ███████

Investor: OTHER

Investor L# ███████

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, Sand Canyon Corporation f/k/a Option One Mortgage Corporation, WHOSE ADDRESS IS 7595 Irvine Center Dr #100, Irvine, CA, 92618, (ASSIGNOR), by these presents does convey, grant, sell, assign, transfer and set over the described deed of trust together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to **WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-2, ASSET-BACKED CERTIFICATES, SERIES 2007-2, WHOSE ADDRESS IS 9062 OLD ANNAPOLIS ROAD, COLUMBIA, MD 21045-1951, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).**

Said Deed of Trust dated 01/19/2007 executed by  ANDREW FUENTES AND MARIAN FUENTES and recorded as Instr# 20070021297 in Book , Page  in the records of Real Property of BEXAR County, Texas.

IN WITNESS WHEREOF, the said  has caused these to be signed by its duly authorized officer, this 22nd day of September in the year 2011.

**Sand Canyon Corporation f/k/a Option One Mortgage Corporation**

_____
**VILMA CASTRO        VICE PRESIDENT**

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me on this 22nd day of September in the year 2011, by VILMA CASTRO as VICE PRESIDENT for Sand Canyon Corporation f/k/a Option One Mortgage Corporation, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
MIRANDA AVILA, NOTARY PUBLIC
Comm. Expires: 08/22/2014

> Notary Public State of Florida
> Miranda Avila
> My Commission EE019063
> Expires 08/22/2014

Document Prepared By: Robert E. Fletcher - c/o NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
When Recorded Return To: American Home Mortgage, C/O NTC 2100 Alt. 19 North, Palm Harbor, FL 34683

Doc# 20110170110
# Pages 2
09/23/2011    08:01:58 AM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Fees 16.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
09/23/2011    08:01:58 AM
COUNTY CLERK, BEXAR COUNTY TEXAS



# EXHIBIT A-5

Recording Requested By:
PHH MORTGAGE CORPORATION

When Recorded Return To:

PHH MORTGAGE CORPORATION
1795 INTERNATIONAL WAY
IDAHO FALLS, ID  83402

## CORRECTIVE ASSIGNMENT OF DEED OF TRUST

**Bexar, Texas**
**SELLER'S SERVICING #:** ▮▮▮1584 "FUENTES"
**SELLER'S LENDER ID#:** ▮

Date of Assignment: 11/13/2019
Assignor: SAND CANYON CORPORATION FKA OPTION ONE MORTGAGE CORPORATION at C/O PHH MORTGAGE CORPORATION AT 5720 PREMIER PARK DRIVE, WEST PALM BEACH, FL 33407
Assignee: WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3 at C/O PHH MORTGAGE CORPORATION AT 5720 PREMIER PARK DRIVE, WEST PALM BEACH, FL 33407

Executed By: ANDREW FUENTES AND MARIAN FUENTES, HUSBAND AND WIFE  To: H&R BLOCK MORTGAGE CORPORATION
Date of Deed of Trust:  01/19/2007 Recorded:  01/29/2007  as Instrument No.: 20070021297 in the County of Bexar, State of Texas.

Property Address: 909 W ELSEMERE PL, SAN ANTONIO, TX  78201

THE PURPOSE OF THIS CORRECTIVE ASSIGNMENT IS TO CORRECT THE ASSIGNEE VERBIAGE ON THE ASSIGNMENT RECORDED ON 09/23/2011 AS INSTRUMENT NO.: 20110170110

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of $121,600.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust.  IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

SAND CANYON CORPORATION FKA OPTION ONE MORTGAGE CORPORATION
On 11/13/2019

By: _____
ANTHONY AVILES,
Vice President

Doc# 20190249983 12/10/2019 3:00PM Page 2 of 3 Lucy Adame-Clark, Bexar County Clerk

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF FLORIDA
COUNTY OF PALM BEACH

On 11/13/2019, before me, _____**Derek Lee**_____, a Notary Public in and for PALM BEACH in the State of FLORIDA, personally appeared ANTHONY AVILES, Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Derek Lee
Notary Expires: 01/07/2022

Notary Public State of Florida
Derek Lee
My Commission GG 173167
Expires 01/07/2022

(This area for notarial seal)

**File Information**

**eFILED IN THE OFFICIAL PUBLIC eRECORDS OF BEXAR COUNTY
LUCY ADAME-CLARK, BEXAR COUNTY CLERK**

| | |
|---|---|
| **Document Number:** | 20190249983 |
| **Recorded Date:** | December 10, 2019 |
| **Recorded Time:** | 3:00 PM |
| **Total Pages:** | 3 |
| **Total Fees:** | $30.00 |

**\*\* THIS PAGE IS PART OF THE DOCUMENT \*\***

**\*\* Do Not Remove \*\***

Any provision herein which restricts the sale or use of the described real property because of race is invalid and unenforceable under Federal law

STATE OF TEXAS, COUNTY OF BEXAR

I hereby Certify that this instrument was eFILED in File Number Sequence on this date and at the time stamped hereon by me and was duly eRECORDED in the Official Public Record of Bexar County, Texas on: 12/10/2019 3:00 PM



*Lucy Adame-Clark*
**Lucy Adame-Clark**
**Bexar County Clerk**

# EXHIBIT A-6

PHH Mortgage Services
PO Box 9117
Temecula, CA  92589-9117

Send Payments to:
PHH Mortgage Services
PO Box 24738
Mail Stop SV19
West Palm Beach, FL 33416

Send Correspondence to:
PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416



9314 8100 1170 1118 6256 45

**RETURN RECEIPT (ELECTRONIC)**

20230119-206

ANDREW FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

# If you are experiencing a hardship as a result of COVID-19, please contact us immediately at 1-800-936-8705 or covid19assistance@mortgagefamily.com or via https://www.mortgagequestions.com/coronavirus so we can review your available options.

XC218



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel. 877-744-2506
Fax. 856-917-8300

---

01/18/2023

ANDREW FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

Account Number: ███████████

Sent Via Certified Mail™
9314 8100 1170 1118 6256 45

Property Address:
909 W ELSMERE PL
SAN ANTONIO, TX 782015205

## NOTICE OF DEFAULT

### AVISO IMPORTANTE PARA PERSONAS QUE HABLAN ESPAÑOL

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Customer(s),

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received an Order of Discharge in a Chapter 7 case filed under the Bankruptcy Code of the United States, this Notice is not intended as an attempt to collect any debt from you personally. If you have received an Order of Discharge in a Chapter 11, 12 or 13 bankruptcy case, this Notice is not an attempt to collect a pre-petition debt pursuant to a completed and confirmed Bankruptcy Plan. If the foregoing applies to you, this Notice is sent to you only as a preliminary step to an "In Rem" foreclosure on the mortgage against the above-referenced property. Provisions may be contained within the mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt contrary to any entered Bankruptcy Order of Discharge.

In addition, if you have recently filed a petition under the Bankruptcy Code, this Notice has been sent to you because we have not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

---

www.MortgageQuestions.com                                                                                    XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



Page 1 of 4                                                                                    9314 8100 1170 1118 6256 45



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel   877-744-2506
Fax   856-917-8300

Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the  Mortgage or Deed of Trust (hereinafter, "Security Instrument"). As of 01/18/2023, the following amounts are past due:

| | | |
|---|---|---|
| Next Payment Due Date: | | 12/01/2022 |
| Total # of Monthly Payments Due: | | 2 |
| Total Monthly Payments Due: | | $1,898.84 |
| Late Charges: | | $63.20 |
| Other Charges: | Fees/Expenses: | $864.40 |
| | Uncollected NSF Fees: | $0.00 |
| | Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$2,826.44** |

This amount represents the total amount required to bring the account current as of the date of this letter. If other amounts are advanced on the account or if the next payment due date occurs on or before the submission of the total amount required to cure the default, those amounts will remain on the account until paid.

In order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before  02/22/2023, via the addresses or methods listed on the payment remittance information section included in this notice.

Failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including, but not limited to, reasonable attorney's fees and costs unless restricted by Texas law. A borrower has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the account is not brought current in a timely manner, it will result in our election to exercise our right to foreclose on the property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the account has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action if possible.

We will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once proper **written authorization** has been obtained, as required by law.

After acceleration of the account, but prior to foreclosure, the mortgage account may be reinstated, depending on the terms of the note and mortgage, any payments received and/or any relevant prior court order. We encourage a thorough review of the provisions of the mortgage and supporting documents. Please be aware, after acceleration of the account, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the

---

www.MortgageQuestions.com                                                                                 XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

9314 8100 1170 1118 6256 45



MORTGAGE

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel  877-744-2506
Fax  856-917-8300

---

mortgage agreement in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage account after acceleration, must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received less than the amount required to reinstate the mortgage account may be returned, and may not stop any foreclosure proceedings already begun on the Property. If certain amounts are not collected to reinstate the account, then those amounts are not waived and will remain due on the account until paid.

In addition, a U.S. Department of Housing and Urban Development ("HUD") counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at 800.569.4287 or consult HUD's website at www.HUD.gov.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**Attention Servicemembers and Dependents:** Servicemembers on "active duty" or "active service", or a spouse or dependent of such a service member, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App.§§ 3901) ("SCRA") regarding the service member's interest rate and foreclosure protections. SCRA and certain state laws provide important protections for you. If you are currently in the military service, or have been within the last twelve (12) months, please notify PHH Mortgage Services immediately. Servicemembers and dependents with questions about SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at  https://legalassistance.law.af.mil/. Military OneSource is the U.S. Department of Defense's information resource. If you are listed as entitled to legal protections under SCRA, please go to www.militaryonesource.mil/legal or call 800.342.9647 (toll-free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website. Homeowner counseling is also available at HUD-certified housing counselors http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm).

If the account cannot be brought current, we can discuss possible alternatives to foreclosure.

We want to assist to remedy this situation. PHH Mortgage Services  would like to present some of the alternatives that might be available regarding the delinquent mortgage account. While our primary objective is the collection of past due amounts on the account, we want to work to find the best available alternative to bring the mortgage account obligation current.

We are here to help! To speak with the assigned Relationship Manager, DUSHAUN BROCKENBROUG who is the designated contact for inquiries and the submission of documents, you can schedule an appointment by visiting www.MortgageQuestions.com and select Schedule calls under the Loan Specialist option or call toll-free at 877.744.2506 Monday through Friday from 8:00 am to 9:00 pm ET. If immediate assistance is required, another dedicated member of our Home Retention Team or our Customer Care Center will be available to assist you. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

---

www.MortgageQuestions.com                                                                                    XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 3 of 4                                                                           9314 8100 1170 1118 6256 45



## MORTGAGE

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel  877-744-2506
Fax  856-917-8300

Texas Property Owners: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the department's website located at www.sml.texas.gov or obtained from the department upon request by: mail to the aforementioned address, telephone through their toll-free consumer hotline listed, or email at smlinfo@sml.texas.gov.

Sincerely,
Loan Servicing

**ADDRESS WRITTEN CORRESPONDENCE TO:**
PHH Mortgage Services
Attn Research Department
Post Office Box 66002
Lawerenceville NJ, 08648

## Payment Remittance Information

| Payment Methods | |
| --- | --- |
| Always include the account number with the payment. Make checks payable to PHH Mortgage Services . | |
| MoneyGram®<br>Receive Code: ▓▓▓<br>City: Mount Laurel<br>State: NJ<br>Account: ▓▓▓▓▓<br>Payable to: PHH Mortgage Services | **Regular Mail**<br>PHH Mortgage Services<br>P.O.Box 94087<br>Palatine, IL 60094-4087 |
| Western Union Quick Collect<br>Code City: PHHUS<br>State: NJ<br>Reference: Account: ▓▓▓▓ | **Overnight Mail**<br>PHH Mortgage Services<br>Attn: PO box 94087<br>5505 N. Cumberland Ave, Suite 307<br>Chicago, IL 60656 |
| Pay online: Log in to www.MortgageQuestions.com to make a payment. | |

www.MortgageQuestions.com                                                                   XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

9314 8100 1170 1118 6256 45

PHH Mortgage Services
PO Box 9117
Temecula, CA  92589-9117

Send Payments to:
PHH Mortgage Services
PO Box 24738
Mail Stop SV19
West Palm Beach, FL 33416

Send Correspondence to:
PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416



9314 8100 1170 1118 6256 52

**RETURN RECEIPT (ELECTRONIC)**

20230119-206

MARIAN FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

# If you are experiencing a hardship as a result of COVID-19, please contact us immediately at 1-800-936-8705 or covid19assistance@mortgagefamily.com or via https://www.mortgagequestions.com/coronavirus so we can review your available options.

XC218



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel. 877-744-2506
Fax 856-917-8300

---

01/18/2023

MARIAN FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

Account Number ████████

Sent Via Certified Mail™
9314 8100 1170 1118 6256 52

Property Address:
909 W ELSMERE PL
SAN ANTONIO, TX 782015205

## NOTICE OF DEFAULT

### AVISO IMPORTANTE PARA PERSONAS QUE HABLAN ESPAÑOL

Esta notificación es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Customer(s),

### SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received an Order of Discharge in a Chapter 7 case filed under the Bankruptcy Code of the United States, this Notice is not intended as an attempt to collect any debt from you personally. If you have received an Order of Discharge in a Chapter 11, 12 or 13 bankruptcy case, this Notice is not an attempt to collect a pre-petition debt pursuant to a completed and confirmed Bankruptcy Plan. If the foregoing applies to you, this Notice is sent to you only as a preliminary step to an "In Rem" foreclosure on the mortgage against the above-referenced property. Provisions may be contained within the mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt contrary to any entered Bankruptcy Order of Discharge.

In addition, if you have recently filed a petition under the Bankruptcy Code, this Notice has been sent to you because we have not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

---

www.MortgageQuestions.com

XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 1 of 4

9314 8100 1170 1118 6256 52



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel.. 877-744-2506
Fax  856-917-8300

---

Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the  Mortgage or Deed of Trust (hereinafter, "Security Instrument"). As of 01/18/2023, the following amounts are past due:

| | | |
|---|---|---|
| Next Payment Due Date: | | 12/01/2022 |
| Total # of Monthly Payments Due: | | 2 |
| Total Monthly Payments Due: | | $1,898.84 |
| Late Charges: | | $63.20 |
| Other Charges: | Fees/Expenses: | $864.40 |
| | Uncollected NSF Fees: | $0.00 |
| | Unapplied Balance: | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$2,826.44** |

This amount represents the total amount required to bring the account current as of the date of this letter. If other amounts are advanced on the account or if the next payment due date occurs on or before the submission of the total amount required to cure the default, those amounts will remain on the account until paid.

In order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before  02/22/2023, via the addresses or methods listed on the payment remittance information section included in this notice.

Failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including, but not limited to, reasonable attorney's fees and costs unless restricted by Texas law. A borrower has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the account is not brought current in a timely manner, it will result in our election to exercise our right to foreclose on the property. Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the account has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action if possible.

We will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once proper **written authorization** has been obtained, as required by law.

After acceleration of the account, but prior to foreclosure, the mortgage account may be reinstated, depending on the terms of the note and mortgage, any payments received and/or any relevant prior court order. We encourage a thorough review of the provisions of the mortgage and supporting documents. Please be aware, after acceleration of the account, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

9314 8100 1170 1118 6256 52



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416

Tel   877-744-2506
Fax . 856-917-8300.

---

mortgage agreement in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage account after acceleration, must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received less than the amount required to reinstate the mortgage account may be returned, and may not stop any foreclosure proceedings already begun on the Property. If certain amounts are not collected to reinstate the account, then those amounts are not waived and will remain due on the account until paid.

In addition, a U.S. Department of Housing and Urban Development ("HUD") counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at 800.569.4287 or consult HUD's website at www.HUD.gov.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**Attention Servicemembers and Dependents:** Servicemembers on "active duty" or "active service", or a spouse or dependent of such a service member, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App.§§ 3901) ("SCRA") regarding the service member's interest rate and foreclosure protections. SCRA and certain state laws provide important protections for you. If you are currently in the military service, or have been within the last twelve (12) months, please notify PHH Mortgage Services  immediately. Servicemembers and dependents with questions about SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at  https://legalassistance.law.af.mil/. Military OneSource is the U.S. Department of Defense's information resource. If you are listed as entitled to legal protections under SCRA, please go to www.militaryonesource.mil/legal or call 800.342.9647 (toll-free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website. Homeowner counseling is also available at HUD-certified housing counselors http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm).

If the account cannot be brought current, we can discuss possible alternatives to foreclosure.

We want to assist to remedy this situation. PHH Mortgage Services   would like to present some of the alternatives that might be available regarding the delinquent mortgage account. While our primary objective is the collection of past due amounts on the account, we want to work to find the best available alternative to bring the mortgage account obligation current.

We are here to help! To speak with the assigned Relationship Manager, DUSHAUN BROCKENBROUG who is the designated contact for inquiries and the submission of documents, you can schedule an appointment by visiting www.MortgageQuestions.com and select Schedule calls under the Loan Specialist option or call toll-free at 877.744.2506 Monday through Friday from 8:00 am to 9:00 pm ET. If immediate assistance is required, another dedicated member of our Home Retention Team or our Customer Care Center will be available to assist you. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

---

www.MortgageQuestions.com                                                                    XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



9314 8100 1170 1118 6256 52



**MORTGAGE**

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL. 33416

Tel  877-744-2506
Fax. 856-917-8300

Texas Property Owners: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.
A complaint form and instructions may be downloaded and printed from the department's website located at www.sml.texas.gov or obtained from the department upon request by: mail to the aforementioned address, telephone through their toll-free consumer hotline listed, or email at smlinfo@sml.texas.gov.

Sincerely,
Loan Servicing

**ADDRESS WRITTEN CORRESPONDENCE TO:**
PHH Mortgage Services
Attn Research Department
Post Office Box 66002
Lawerenceville NJ, 08648

## Payment Remittance Information

| Payment Methods | |
|---|---|
| Always include the account number with the payment. Make checks payable to PHH Mortgage Services . | |
| MoneyGram®<br>Receive Code: ▮▮▮▮▮<br>City: Mount Laurel<br>State: NJ<br>Account: ▮▮▮▮▮▮▮▮<br>Payable to: PHH Mortgage Services | **Regular Mail**<br>PHH Mortgage Services<br>P.O.Box 94087<br>Palatine, IL 60094-4087 |
| Western Union Quick Collect<br>Code City: PHHUS<br>State: NJ<br>Reference: Account: ▮▮▮▮▮▮▮ | **Overnight Mail**<br>PHH Mortgage Services<br>Attn: PO box 94087<br>5505 N. Cumberland Ave, Suite 307<br>Chicago, IL 60656 |
| Pay online: Log in to www.MortgageQuestions.com to make a payment. | |

---

www.MortgageQuestions.com                                    XC218

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 4 of 4                                    9314 8100 1170 1118 6256 52

# EXHIBIT A-7

Mackie Wolf Zientz & Mann, P.C .
PO Box 9077
Temecula, CA  92589-9077

Send Correspondence to:
MWZM office address per enclosures

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9307 1100 1170 1165 1564 45

20240417-89

ANDREW FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

ACC2

9307 1100 1170 1165 1564 45

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
PHONE (214) 635-2650  FAX (214) 635-2686
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

April 17, 2024
CERT MAIL
ANDREW FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201

RE:   Loan No
      MWZM
      Property Address: 909 W ELSMERE PL, SAN ANTONIO, TX 78201-5205

## NOTICE OF ACCELERATION OF LOAN MATURITY

Dear ANDREW FUENTES,

We have been retained by PHH MORTGAGE CORPORATION, Mortgage Servicer for WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3, the current Mortgagee of the Note and Deed of Trust related to the above referenced loan. A servicing agreement between the Mortgagee, whose address is:

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3
C/O PHH MORTGAGE CORPORATION
1661 WORTHINGTON ROAD, SUITE 100
WEST PALM BEACH, FL 33409

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt. We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

A default occurred under the terms of the Note. Notification was sent that default had occurred in the payment of the Note and that PHH MORTGAGE CORPORATION would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective April 17, 2024.

All unpaid principal and accrued interest on the Note are due and payable at this time. You may obtain the precise amount due by contacting this firm at **(214) 635-2650**. Payment must be made by cashier's check, certified check or money orders.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C .
PO Box 9077
Temecula, CA  92589-9077

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

9307 1100 1170 1165 1564 52

20240417-89

MARIAN FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201-5205

ACC2

9307 1100 1170 1165 1564 52

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
PHONE (214) 635-2650  FAX (214) 635-2686
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

███████████████████

April 17, 2024
CERT MAIL
MARIAN FUENTES
909 W ELSMERE PL
SAN ANTONIO, TX 78201

RE:   Loan No. ████████████████
      MWZM ███
      Property Address: 909 W ELSMERE PL, SAN ANTONIO, TX 78201-5205

### NOTICE OF ACCELERATION OF LOAN MATURITY

Dear MARIAN FUENTES,

We have been retained by PHH MORTGAGE CORPORATION, Mortgage Servicer for WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3, the current Mortgagee of the Note and Deed of Trust related to the above referenced loan. A servicing agreement between the Mortgagee, whose address is:

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3, ASSET-BACKED CERTIFICATES, SERIES 2007-3
C/O PHH MORTGAGE CORPORATION
1661 WORTHINGTON ROAD, SUITE 100
WEST PALM BEACH, FL 33409

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt. We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

A default occurred under the terms of the Note. Notification was sent that default had occurred in the payment of the Note and that PHH MORTGAGE CORPORATION would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective April 17, 2024.

All unpaid principal and accrued interest on the Note are due and payable at this time. You may obtain the precise amount due by contacting this firm at **(214) 635-2650**. Payment must be made by cashier's check, certified check or money orders.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

███████████

# EXHIBIT A-8



**MORTGAGE**

PHH Mortgage Services | PO Box 24738
West Palm Beach FL 33416

Tel: 1-855-516-3887
Fax: 1-856-917-8300

MARIAN FUENTES

**Property Address:**
909 W Elsmere Pl
San Antonio TX 78201-5205

MOD: ▮▮▮▮▮▮▮▮

May 13, 2025

Account Number: ▮▮▮▮▮▮▮▮

Mortgagor(s): Marian Fuentes

## PAYOFF QUOTE
## VALID THROUGH May 30, 2025

Dear Customer(s),

A payoff quote was requested for account number 7141721584. The total amount due is $115,959.71 , which will be valid through May 30, 2025. After this date, please request a new payoff letter.

As of the date of this letter, the mortgage payment due on December 1, 2022 has not yet been received and is now past due. If the payment was sent recently, please allow some time for the payment to reflect in our records.

Refer to the following pages for a detailed breakdown of this quote and for payment instructions.

Payoff funds should be sent by wire transfer, cashier's check, certified bank check, title company check, money order, attorney's escrow check, MoneyGram or Western Union. Funds not remitted in one of these forms will be returned, and the payoff will not be processed.

After receiving payoff funds, we will verify all amounts due and contact the issuer of the funds in the event of any discrepancies. After the payoff funds have been applied and the account has been reconciled, any overpayment of funds will be returned to the remitter through regular mail within 20 business days of the date the funds are received. Please allow additional time for mailing.

For any questions, call us at the phone number listed above. We are available Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET.

Sincerely,
Loan Servicing

NMLS ▮▮▮▮▮▮   www.MortgageQuestions.com   XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*


**MORTGAGE**

PHH Mortgage Services | PO Box 24738                           Tel: 1-855-516-3887
West Palm Beach FL 33416                                       Fax: 1-856-917-8300

See below for a breakdown of the total amount required to pay off the account referenced above on or before May 30, 2025, as well as complete payoff instructions.

Important Note: If there is an escrow account associated with the mortgage for property taxes and insurance, we may need to pay the tax and insurance bills before this payoff quote expires on May 30, 2025. Any additional disbursements made on behalf of the mortgage will be added to the amounts due on payoff.

A lien release fee and a recording fee are the costs associated with paying off the account and formally documenting that the lien is extinguished. A recording fee is charged by the county in which the property is located in order for them to record the lien release document in the official county property records. A lien release fee is charged by the mortgage servicer pursuant to the terms of the Security Instrument in order to prepare the lien release document. A lien release fee and recording fee will only be charged when the loan is paid in full and as allowed by applicable law. A recording fee will be assessed in the amount of the actual cost charged by the county which may vary at the time of recording. A lien release fee will be assessed in the amount allowed by the Security Instrument.

Due Date of Monthly Payment: December 1, 2022
Interest Rate 2.00125 %

| | |
|---|---:|
| Principal | $94,915.97 |
| Interest | $4,899.62 |
| Escrow/Impound Overdraft | $6,690.84 |
| Unpaid Late Charges | $410.80 |
| Recoverable Balance | $8,233.48 |
| Recording Fee | $29.00 |
| Payoff Quote Fee | $210.00 |
| Foreclosure Fee&cost | $570.00 |
| TOTAL PAYOFF AMOUNT DUE BY 05-30-2025 | $115,959.71 |

| | |
|---|---|
| Next Due Date | 12-01-2022 |
| Quoted Date | 05-13-2025 |
| Payoff Quote Expiration Date | 05-30-2025 |
| Original Principal Balance | $121,600.00 |
| Per Diem Interest | $5.20 |

NMLS: ▮▮▮▮▮                 www.MortgageQuestions.com                 XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 2



## MORTGAGE

PHH Mortgage Services | PO Box 24738
West Palm Beach FL 33416

Tel: 1-855-516-3887
Fax: 1-856-917-8300

## PAYOFF REQUIREMENTS AND CONDITIONS

**Certified funds are required for payoff.** Payoff funds must be provided via certified funds, such as bank wire transfer, cashier's check, certified bank check, title company check, money order, attorney's escrow check, MoneyGram or Western Union. Non-certified payments will not be accepted, and the payoff will not be processed.

## HOW TO SUBMIT PAYOFF FUNDS

Bank wire transfers are preferred. Bank wire transfer is the fastest, safest and most convenient payment option. Because this is the fastest option, it may also save money on per-diem interest.

To make a bank wire transfer, provide the information listed under payment methods to the remitting bank.

Be sure to always include the account holder's name, property address and account number on any remittance. If funds cannot be wire transferred, send the payment in certified funds by overnight mail as shown below.

Details for bank wire transfer:
M & T Bank
1 MT Plaza, Buffalo, NY, 14203

Credit to: PHH Mortgage Services

Mail certified funds via overnight mail to:
PHH Mortgage Services
Attn: Cashiering / Payoff Department
1661 Worthington Rd., Ste. 100,
ATTN: SV20
West Palm Beach, FL 33409

All checks and money orders should be made payable to PHH Mortgage Services. **The mortgage account number, accountholder's name and property address must be included on the front of any check or money order.** For same-day processing, wire transfer, check and money order payments must be received by 5:00 pm ET.

This payoff amount is subject to change. To the extent permitted by law, PHH reserves the right to correct any portion of this statement at any time.

www.MortgageQuestions.com                                                                              XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



**MORTGAGE**

PHH Mortgage Services | PO Box 24738
West Palm Beach FL 33416

Tel: 1-855-516-3887
Fax: 1-856-917-8300

## IMPORTANT NOTICES

- All balances are subject to change as a result of any transactions, the assessment of any fees or any costs being incurred with respect to the account that occur prior to the application of payoff funds.
- Similarly, if any payments applied to this account within the 30 days prior to the date of this payoff quote are reversed for any reason, including but not limited to insufficient funds or a stop payment being placed on a check, this payoff quote is deemed invalid.
- If the account is currently subject to a foreclosure action, we will not delay or dismiss any pending foreclosure action while awaiting your payoff payment. Additional attorney's fees and costs may accrue between the date of this letter and the date of payoff. In addition, these charges do not include additional advances that may be made after the date of this letter.
- **Notice of continued Autopay enrollment:** If the account is enrolled in automatic debit of the monthly mortgage payment from your financial institution (Autopay), please be aware that the monthly payment will continue to debit each month until you cancel or as of the date the account pays in full. Please contact us on the number listed above at least three business days before the next scheduled withdrawal date if you wish to stop this service prior to the next scheduled withdrawal date.
- **Deduction of Benefit:** If you are a Veteran making the monthly mortgage payment through the Deduction of Benefit process, you will need to request the deduction be stopped by filling out a form and sending it to the US Department of Veteran Affairs. To get the form, visit www.MortgageQuestions.com.
- **Overpayment or underpayment of payoff amount:** After receiving payoff funds, we will verify all amounts due and contact the issuer of the funds in the event of any discrepancies. The payoff amount does not include any applicable positive escrow balance. After the payoff funds have been applied and the account has been reconciled, any overpayment of funds will be returned to the issuer through regular mail within 20 business days of the date the funds are received. Escrow account overages will be disbursed within 20 business days. Please allow additional time for mailing. Please be aware that to the extent permitted by law, if the payoff funds received are less than the total amount necessary to pay the account in full, any escrow funds remaining after payment of insurance and taxes due may be applied to the mortgage at payoff. In the event of an underpayment of the required stated payoff funds, if the escrow funds are insufficient to pay the account in full, we will return the funds and continue to accrue interest on the loan.
- **Escrow disbursements will proceed until payoff funds are received:** Issuing this payoff statement will not stop future escrow disbursements. Property taxes or insurance may be paid after this quote is issued. If such disbursements create escrow advances and change the amount due to satisfy the mortgage, this payoff quote will be deemed invalid.
- **Attorney fees and costs:** Attorney fees and costs for work performed may be included in the Total Payoff Amount Due pursuant to the terms of the security instrument and as allowable under state law. The amounts included herein represent those attorney fees and costs for work completed and invoiced or for work completed or anticipated to be completed as of the Good Through Date or completion of payoff but not yet invoiced. If an attorney fee or cost will occur upon payoff, only the confirmed fee will be assessed in the amount of the actual cost and will be charged when the loan is paid in full and as allowed by applicable law.
- **Past due fees still apply:** If the account is past due, collection expenses and legal fees may be accruing.
- **Per diem interest may change:** If this is an adjustable rate mortgage, the per diem interest may change prior to payoff. The new per diem interest will be applicable for the payoff as well.
- **Mortgage insurance premium:** If the account has mortgage insurance(MIP), the accountholder may also be required to pay an additional month of MIP if the payment is received in the calendar month following the "Total Amount Due to Pay Loan in Full" date.
- **The security instrument (Deed of Trust or Mortgage) will be released after payoff:** After receiving the entire payoff amount, we will execute a release and discharge of the Deed of Trust/Mortgage and, if necessary, will file a withdrawal in connection with any legal action that may have been taken with regards to this mortgage account.
- **Please verify the Social Security number on file for tax reporting:** Please visit our website at www.MortgageQuestions.com to verify the Social Security number on file for the purposes of year-end tax reporting, if applicable.

www.MortgageQuestions.com                                                                                    XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 4



MORTGAGE

PHH Mortgage Services | PO Box 24738                                        Tel: 1-855-516-3887
West Palm Beach FL 33416                                                     Fax: 1-856-917-8300

- **Wire Fee Notice:** The wire fee is a charge for a payoff payment received through electronic means. If the payoff is not received through electronic means, then the wire fee is not assessed. There are non-electronic payment options available that do not result in a wire fee, including but not limited to, certified check. If the wire fee is assessed, then the fee is nonrefundable.

For any questions, call us at the phone number listed above Monday through Friday from 8:00 am to 9:00 pm and Saturday from 8:00 am to 5:00 pm ET.

Sincerely,
Loan Servicing

www.MortgageQuestions.com                                                    XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 5



**MORTGAGE**

PHH Mortgage Services | PO Box 24738
West Palm Beach FL 33416

Tel: 1-855-516-3887
Fax: 1-856-917-8300

| Important Information |
| --- |

Texas Property Owners: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the department's website located at www.sml.texas.gov or obtained from the department upon request by: mail to the aforementioned address, telephone through their toll-free consumer hotline listed, or email at smlinfo@sml.texas.gov

www.MortgageQuestions.com                                                                 XP941

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 6